IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DELANDO WILSON and
MICHAEL MERCHANT

V.                                                          CAUSE NO. 4:22-CV-64-SA-DAS

THE CITY OF GREENVILLE, MISS., et al.

ORDER

On September 28, 2022, the Plaintiffs filed a Motion for Recusal [39], wherein they request that the undersigned recuse as the presiding Judge in this case.

In support of the request, the Plaintiffs rely on statements the undersigned made in her capacity as Chief Judge for the Northern District of Mississippi regarding the construction of a new federal courthouse in Greenville, Mississippi. For example, the Motion [39] refers to a newspaper article wherein the undersigned was quoted as stating, "I am confidential that a new federal courthouse will cause more trials to be tried, civil and criminal in [the Greenville] area. **And that's going to bring revenue**." [39] at p. 3 (emphasis in original) (citing [39], Ex. 1 at p. 4). The Plaintiffs contend that "Judge Aycock's participation and efforts in the partnership or joint venture was partially, if not substantially, for the purpose of increasing revenue to the City of Greenville." *Id*. at p. 2. Additionally, the Plaintiffs characterize the undersigned's relationship with Greenville as a "joint venture" and further allege that "Defendants City of Greenville and Mayor Simmons share the economic vision of Honorable Judge Aycock in increasing the revenue and economic status of the City of Greenville." *Id*. at p. 4. The Plaintiffs therefore assert that the undersigned "will likely experience or exhibit bias that wil [sic] infiltrate the litigation as this matter proceeds." *Id*. at p. 5.

Arguing that the undersigned has a conflict of interest in this matter, the Plaintiffs rely on 28 U.S.C. § 455(a), (b)(1), and (b)(4), which provide:

> **§ 455. Disqualification of justice, judge, or magistrate judge.**
>
> (a) Any justice, judge or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned.
>
> (b) [She] shall also disqualify [herself] in the following circumstances:
>
> > (1) Where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> >
> > . . .
> >
> > (4) [She] knows that [she], individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]

28 U.S.C. § 455(a), (b)(1), (b)(4).

The Court has carefully reviewed the allegations contained in the Plaintiffs' Motion [39]. The arguments are not well-taken. As noted by the Plaintiffs, throughout her tenure as Chief Judge for the Northern District of Mississippi, the undersigned made remarks about the economic impact that a new federal courthouse will have on Greenville. Those statements were made in the undersigned's Chief Judge capacity (with one statement being made shortly after the undersigned transitioned out of the Chief Judge role). For instance, in one of the undersigned's statements which the Plaintiffs emphasize, the undersigned specifically made the remarks "on behalf of the entire District Court for the Northern District of Mississippi[.]" *See* [39], Ex. 4 at p. 1.

Although the statements to which the Plaintiffs referred are certainly the undersigned's statements, the Plaintiffs provide no link whatsoever between statements made on behalf of this Court and any bias in favor of the City of Greenville or any other Defendant in this litigation. Contrary to the Plaintiffs' assertion, the undersigned is not engaged in a "joint venture" with the City of Greenville and/or Mayor Simmons. This is a bold allegation with no basis in fact.

The Court notes that the Plaintiffs also point to statements the undersigned made in connection with the renovation of the federal courthouse in Aberdeen, Mississippi. However, in this Court's view, these statements cut against the Plaintiffs' argument, as they illustrate that the undersigned made similar comments about other construction projects. Stated differently, the comments were not limited to the City of Greenville.

The Court finds that no reasonable person would question the undersigned's impartiality in connection with this proceeding. Likewise, the undersigned has no personal bias or prejudice toward any party to this litigation nor does the undersigned have any personal knowledge concerning the facts of this case. Finally, the undersigned has no financial interest or substantial interest that would be impacted by the outcome of this proceeding. The parties can rest assured that the undersigned takes seriously her ethical obligations associated with conflicts of interest; however, the Court finds that recusal simply because a party requests the same—when no conflict of interest actually exists—would create bad precedent and would be a slippery slope.

In short, the referenced comments would not cause the undersigned's impartiality to reasonably be questioned. There is no conflict of interest. The Motion [39] is DENIED.

SO ORDERED, this the 29th day of September, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE