IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DELANDO WILSON AND MICHAEL MERCHANT                                                                PLAINTIFFS

VS.                                                       CIVIL ACTION NO.: 4:22-cv-00064-GHD-DAS

THE CITY OF GREENVILLE,
MISSISSIPPI, ET AL.                                                                                DEFENDANTS

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

On July 19, 2024, this court granted the defendant City of Greenville's motion to compel discovery responses and ordered the plaintiffs Delando Wilson and Michael Merchant to respond to the defendant's discovery requests by August 2, 2024. Doc. 126. In that Order, the court declined to find that any objections had been waived by plaintiffs' untimely responses and instead held it would consider any objections raised and subsequently challenged on the merits. Now before the court is the defendant's second motion to compel challenging the adequacy of certain discovery responses and seeking an order requiring complete responses.

The plaintiffs did not file a response to the instant motion but rather counsel for the plaintiffs attempted to further defend the bases for some of their objections and responses in an email directed to the court. This in no way constitutes a response, and therefore, the court will consider the motion unopposed. Local Uniform Civil Rule 7(b)(3)(E) states "if a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L.U.Civ.R. 7(b)(3)(E). Accordingly, the defendant's motion to compel is granted. The court will address each of the discovery requests in turn so that there is no question what the plaintiffs are compelled to produce.

**Interrogatory Nos. 4 & 5:** The plaintiffs are ordered to produce a privilege log or withdraw the stated objections.

**Interrogatory No. 7:** The plaintiffs are ordered to itemize any and all damages to which they claim they are entitled and must include in their response 1) documentation of how they arrived at

their damages claims, 2) the specific calculations demonstrating why they are entitled to such an amount, 3) the identification of all documents they contend support their claims for damages, and 4) the identification of all witnesses believed to have information or knowledge concerning their claims for damages.

**Interrogatory Nos. 10 & 11:** The plaintiffs are ordered to provide all responsive information in a verified discovery response (not via email) and are ordered to remove the stated objections.

**Interrogatory No. 13:** The plaintiffs are ordered to supplement their responses with the names and addresses of all pharmacies where their prescriptions were filled.

**Interrogatory No. 16:** The plaintiffs are ordered to identify their current employers and supplement their responses with the information requested in subparts (b) – (f) as it relates to their current employment.

**Interrogatory No. 20:** The plaintiffs are ordered to withdraw the stated objections.

**Interrogatory No. 21:** The plaintiffs are ordered to identify all social media accounts used during the stated time periods.

**Interrogatory No. 22:** The plaintiffs are ordered to identify their personal cell phone numbers during the stated time periods.

**Interrogatory No. 23:** The plaintiffs are ordered to produce a privilege log or withdraw the stated objections.

**Interrogatory No. 25:** The plaintiffs are ordered to identify all family members as defined in the interrogatory who are located within the Northern District of Mississippi and identify their relationship to the plaintiffs.

**Request for Production No. 4 & 7:** The plaintiffs are ordered to produce a privilege log or withdraw the stated objections.

**Request for Production No. 10:** The plaintiffs are ordered to execute the federal and state tax authorizations provided by the defendant.

**Request for Production No. 11:** The plaintiffs are ordered to remove the stated objections and clarify whether they at one time possessed documents that they did not provide their attorney and no longer have in their possession.

Accordingly, the plaintiffs are ordered to supplement their discovery responses as directed herein no later than September 27, 2024. The defendant may submit an application for attorneys' fees and costs in connection with the instant motion and its prior motion to compel.

SO ORDERED, this the 11th day of September, 2024.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE